## COMMONWEALTH *vs.* JAMES V. HOWELL, JR.

Suffolk. April 8, 1982. — July 13, 1982.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Criminal,* Instructions to jury.

At a criminal trial, a judge's statement in his charge to the jury that "[i]n this case the evidence — but it is your recollection that controls — says [the defendant] did assault [the victim] with intent to commit rape upon her," did not create a substantial risk of a miscarriage of justice when viewed in the context of the judge's entire charge. [739-740]

INDICTMENT found and returned in the Superior Court Department on September 5, 1979.

The case was tried before *Paquet,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Severlin B. Singleton* for the defendant.

*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. Following his conviction on an indictment charging assault with intent to rape,[1] James V. Howell, Jr., appealed, alleging error in the judge's charge to the jury. The Appeals Court summarily reversed, see *Commonwealth v. Howell,* 12 Mass. App. Ct. 1019 (1981). We granted the Commonwealth's application for further appellate review. We affirm the judgment of the Superior Court.

At trial the victim testified to facts which would warrant a jury verdict of assault with intent to commit rape. She

---

[1] Howell's additional conviction of assault and battery was placed on file. Cf. *Commonwealth* v. *Delgado,* 367 Mass. 432, 437-438 (1975). On the conviction for assault with intent to rape, Howell was sentenced to a term of eight to twelve years at the Massachusetts Correctional Institution at Walpole.

identified the defendant as the culprit. The defendant's theory at trial was that the witness had been the victim of an assault with intent to rape but that she was mistaken in her identification.[2] The defendant offered evidence that he did not meet the description of the assailant[3] and that he was home with his sister at the time of the incident.

Howell argues that the trial judge impermissibly invaded the province of the jury because he told the jurors that "[i]n this case the evidence — but it is your recollection that controls — says Mr. Howell did assault [the victim] with intent to commit rape upon her."[4] According to the defendant, the inclusion of such a misstatement in the charge requires reversal of his conviction. We do not agree.

Howell did not object at trial to that portion of the charge he now contends is erroneous. Thus, the sole question before us is whether the charge as given created "a substantial risk of a miscarriage of justice." *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967). See *Commonwealth* v. *Wood*, 380 Mass. 545, 547 (1980). Moreover, the absence of an objection is relevant on whether there is a substantial likelihood that a miscarriage of justice has occurred. *Commonwealth* v. *Tavares*, 385 Mass. 140, 147-148 (1982).

---

[2] In closing argument, defense counsel told the jurors that "the main issue is the business of what one calls identification." Later he told the jurors that "[t]here is no question . . . in anyone's mind that this victim had something that took place which is a horrible, horrible thing. No question about that. But the big question and the question that is of paramount importance is whether this defendant was the man."

[3] The victim stated that her assailant's front upper tooth was missing and that she bit her assailant's hand. The defendant offered evidence that there were no bite marks on his hands and that he did not have a missing front tooth.

[4] In the very next sentence the judge told the jurors that the defense counsel "alluded to the fact that something did happen to this [victim]." Shortly thereafter the judge told the jurors that "unless you find that an assault and battery or an assault with intent to commit rape did, in fact, occur — we are not now discussing who is the party who did that — unless there is a finding and unless there is evidence sufficient to support the position that there was an assault and battery and there was an assault with intent to rape, why then no one is guilty of anything."

In this case, the judge's charge, read as a whole, accurately conveyed to the jurors that they were the sole judges of the credibility of the witnesses and that it was their recollection of the evidence which controlled the fact finding process. The judge instructed the jury correctly on the presumption of innocence and the burden of proof. He also instructed the jury that they had to be "satisfied beyond a reasonable doubt that [the incident] did happen." Further, on more than one occasion the judge instructed the jurors that identification had to be proved "beyond a reasonable doubt." The judge then gave a full instruction on identification in accordance with *Commonwealth* v. *Rodriguez,* 378 Mass. 296, 310-311 & n.1 (1979). The judge also instructed the jurors on alibi evidence in accordance with *Commonwealth* v. *McLeod,* 367 Mass. 500, 502 n.1 (1975).[5]

"Error in a charge is determined by reading the charge as a whole, and not by scrutinizing bits and pieces removed from their context." *Commonwealth* v. *Cundriff,* 382 Mass. 137, 153 (1980). We "view the charge in its entirety since the adequacy of instructions must be determined in light of their over-all impact on the jury." *Commonwealth* v. *Sellon,* 380 Mass. 220, 231-232 (1980).

In this case the flawed portion of the charge represented a slip of the tongue and was adequately corrected by a proper "emphasis on the necessity of moral certainty of guilt," *Commonwealth* v. *Williams,* 378 Mass. 217, 233 (1979), and by other language in the charge. "[A] fair reading of the instructions, not treated in isolation but considered in light of the entire charge . . . , refutes any argument that the judge directed findings of fact, thereby invading the province of the jury to the prejudice of the defendant." *Commonwealth* v. *Ambers,* 370 Mass. 835, 840 (1976).

*Judgment of the Superior Court affirmed.*

---

[5] The defendant's reliance on *Commonwealth* v. *Sneed,* 376 Mass. 867 (1978), is misplaced. In that case the trial judge's bias, displayed "in many and diverse ways, deprived the defendant of a fair and impartial jury trial." *Id.* at 869. Further, when defense counsel attempted to protect his client's rights, he was threatened with contempt. *Id.* at 871. There is no such judicial misconduct in this case.