COMMONWEALTH *vs.* PAUL DONOVAN. November 22, 1983. *Identification. Constitutional Law,* Confrontation of witnesses, Assistance of counsel. *Evidence,* State of mind. *Practice, Criminal,* Instructions to jury.

The defendant appeals from his conviction on an indictment charging assault and battery by means of a dangerous weapon.[1] Although the defendant claims that there were prejudicial errors during the course of his trial, the most substantial issues on appeal relate to the defendant's claim that the denial of his several motions to suppress pretrial corporeal identifications violated his right to due process and his Sixth Amendment rights.

None of the questions raised on appeal has merit, and only a brief discussion of each is warranted. We thus treat the claims seriatim, pausing only long enough to elaborate on the defendant's claim that the reasoning of *Moore* v. *Illinois,* 434 U.S. 220 (1977), required suppression of the identification made of him on the occasion of the probable cause hearing.

---

[1] The defendant was found not guilty on a charge of assault with intent to murder.

1. The judge denied the defendant's motion to suppress an out-of-court identification of the defendant made at a one-on-one confrontation. See *Commonwealth* v. *Moon,* 380 Mass. 751, 758-759 (1980), and cases cited. At the Lawrence police station two days after the criminal event in question, the defendant was subjected to a one-on-one confrontation with one Ruben Fernandez, a person who had observed the assault from the window of his second floor apartment. Of course, one-on-one confrontations are "constitutionally suspect" (*Commonwealth* v. *Torres,* 367 Mass. 737, 740 [1975]), but here the judge, after making an appropriate analysis of the "totality of the circumstances" of the identification (see *Commonwealth* v. *Botelho,* 369 Mass. 860, 867 [1976]), concluded that the station house identification was not improper. See *Commonwealth* v. *Toney,* 385 Mass. 575, 586 (1982). He found that the confrontation was neither planned nor contrived. The judge's conclusion was warranted by the evidence and supported by his subsidiary findings. See *Commonwealth* v. *Moon,* 380 Mass. at 756, and cases cited. See also *Commonwealth* v. *Clifford,* 374 Mass. 293, 304 (1978) (careful findings supported by the evidence are not likely to be disturbed).

Officer Fournier, the investigating officer, had no prior knowledge of or contact with the defendant and did not anticipate that the defendant would accompany a suspect, one Vignola, to the station house. Upon receiving notice that Vignola was waiting at the station for him, Fournier went to the witness' home and drove the witness to the station. The officer had a description of the defendant but did not know his identity. The witness viewed each man separately, identifying Vignola as being present at the stabbing but not the defendant. It is apparent that Fournier looked upon the fortuitous appearance of the defendant at the station house as an opportunity to further his ongoing investigation of the incident. Cf. *Commonwealth* v. *Barnett,* 371 Mass. 87, 92 (1976), cert. denied, 429 U.S. 1049 (1977). In the circumstances, such conduct was not improper, as "there were no such 'special elements of unfairness' [citation omitted] as might take the case out of the general class permitting a confrontation without lineup." *Commonwealth* v. *Barnett,* 371 Mass. at 93. See *Commonwealth* v. *Bowden,* 379 Mass. 472, 479 (1980). Compare *Commonwealth* v. *Powell,* 10 Mass. App. Ct. 57, 60-61 (1980), with *Commonwealth* v. *Coy,* 10 Mass. App. Ct. 367, 371-372 (1980). (The record shows that the witness did in fact recognize the defendant but did not identify him until later because "he did not want to get involved." See part 3, *infra.*)

Based on what we have already said, it is not necessary to discuss whether the Commonwealth has shown by clear and convincing evidence that the proffered identification of the defendant by Fernandez at the station house stemmed from an independent source. *Commonwealth* v. *Botelho,* 369 Mass. at 867-868.

2. Counsel for the defendant was appointed at the arraignment on April 22, 1980. On May 2, 1980, the day of the probable cause hearing,

the defendant was seated in the Lawrence District Court waiting for the session to begin. Pablo Jaime, a witness to the assault, had been summoned to the probable cause hearing and was also in the courtroom. Officer Fournier entered the courtroom and, upon seeing both the defendant and Jaime, asked Jaime to step outside. The officer then asked Jaime if he had seen anyone in the courtroom who had been present at the assault. Jaime replied that he had, and then, at Fournier's request, he reentered the courtroom and pointed out the defendant seated amid the audience.

The judge correctly denied the defendant's motion to suppress this identification of the defendant made just prior to the probable cause hearing. The defendant argues that, because the arresting officer caused this identification to be made at a time when he was without counsel and adversary proceedings had clearly commenced, the defendant's Sixth Amendment right to counsel was violated. See *Moore* v. *Illinois*, 434 U.S. at 231-232. The defendant asserts that in these circumstances we should invoke the "*Wade-Gilbert* per se exclusionary rule." *Kirby* v. *Illinois*, 406 U.S. 682, 684 (1972). The defendant's claim is wide of the mark. This aspect of the case is controlled by *Commonwealth* v. *Napolitano*, 378 Mass. 599, 604 (1979). Unlike *Moore*, the record here shows that the defendant had been assigned counsel at the time of the probable cause hearing. Compare *Commonwealth* v. *Jones*, 375 Mass. 349, 358 (1978). The defendant's counsel was aware of the type of proceeding, and it was his "responsibility to be alert and, as far as he thinks necessary or useful, to try to eliminate any suggestive influence." *Commonwealth* v. *Cincotta*, 379 Mass. 391, 395 (1979). Moreover, unlike the situation in *Cincotta*, the defendant was seated among the spectators in the courtroom at the time he was identified by the witness. We see nothing unfair or impermissibly suggestive here. Compare *Commonwealth* v. *Jones*, 375 Mass. at 357-359. Nor has the defendant established a prearranged scheme designed to identify him or shown any other improper conduct.

3. The question whether the judge properly could admit testimony of Officer Fournier relating the explanation given by a witness as to why he had delayed identifying the defendant has been answered adversely to the defendant in *Commonwealth* v. *Breese*, 381 Mass. 13, 17 (1980). See also *Commonwealth* v. *Lacy*, 371 Mass. 363, 368-369 (1976); *Commonwealth* v. *Sheeran*, 370 Mass. 82, 87 (1976). These statements were relevant to the witness's state of mind and the reasons for his delay in making an identification. See *Commonwealth* v. *Dougan*, 377 Mass. 303, 308-309 (1979).

4. Viewing the charge in its entirety, we conclude that the inclusion of the disfavored *Madeiros* warning (see *Commonwealth* v. *Madeiros*, 255 Mass. 304, 307 [1926]) was not in this instance such error as should call for reversal of the judgment. Notwithstanding the defendant's objection to the *Madeiros* language, we still must review the entire charge because "the adequacy of instructions must be determined in light of their over-all

impact on the jury." *Commonwealth* v. *Sellon,* 380 Mass. 220, 231-232 (1980). See *Commonwealth* v. *Ramey,* 368 Mass. 109, 114 (1975). The substance of the instant charge closely resembles the charge approved by the Supreme Judicial Court in *Commonwealth* v. *Williams,* 378 Mass. 217, 233-235 (1979). See also *Commonwealth* v. *Tavares,* 385 Mass. 140, 147-149 (1982). Apart from the fifteen or sixteen times the judge mentioned that the proof required to convict must be beyond a reasonable doubt, he, as did the trial judge in *Williams,* quoted the entire passage from *Madeiros,* as well as the preferred — proved to a "moral certainty" — language of *Commonwealth* v. *Webster,* 5 Cush. 295, 320 (1850). See *Commonwealth* v. *Carballo,* 381 Mass. 227, 229 (1980). We think that this eliminated any possible misapplication of the law. *Commonwealth* v. *Powers,* 9 Mass. App. Ct. 771, 772 (1980).

5. The defendant claims that the judge's instruction on identification based on the model suggested by *Commonwealth* v. *Rodriguez,* 378 Mass. 296, 310-311 (1979), "contained a fundamental flaw prejudicial" to him. We disagree. At one point in the charge the judge substituted the word "defendant" for "perpetrator." When the charge is read as a whole (see *Commonwealth* v. *Gibson,* 368 Mass. 518, 527-528 [1975]), we are unable to conclude that this apparent slip of the tongue caused any prejudicial error. See, e.g., *Commonwealth* v. *Howell,* 386 Mass. 738, 740 (1982). By placing emphasis on the necessity of moral certainty of guilt, *ibid.,* and by including the statement that "the burden of proof includes proving beyond a reasonable doubt the identity of the defendant as the perpetrator of the crime" in the instructions, we think that the judge corrected any potential prejudice. See and compare *Commonwealth* v. *Lutz,* 9 Mass. App. Ct. 357, 361-362 (1980).

*Judgment affirmed.*

*Brownlow M. Speer* for the defendant.
*Sharon D. Meyers,* Assistant District Attorney, for the Commonwealth.