COMMONWEALTH vs. PAUL DONOVAN.

Essex. April 4, 1984. — August 7, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Constitutional Law,* Assistance of counsel. *Identification.*

At the trial of an indictment for assault and battery by means of a dangerous
weapon, the admission of testimony as to a pretrial corporeal identifica-
tion of the defendant, made by a witness in the presence of and at the
request of a police officer and without notice to counsel, violated a per
se exclusionary rule having its basis in the right to counsel secured by
the Sixth Amendment to the Federal Constitution and, where the witness
in question was one of only two witnesses who identified the defendant,
the error was not harmless beyond a reasonable doubt. [648-651]

INDICTMENT found and returned in the Superior Court De-
partment on July 28, 1980.

The case was tried before *Abrams,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Brownlow M. Speer* for the defendant.

*Lila Heideman,* Assistant District Attorney, for the Com-
monwealth.

WILKINS, J. We granted the defendant's application for
further appellate review, following the decision of the Appeals
Court affirming his conviction of assault and battery by means
of a dangerous weapon. *Commonwealth* v. *Donovan,* 17 Mass.
App. Ct. 924 (1983). The defendant asks us to consider a
single question: whether his Sixth Amendment right to counsel
was violated by the admission in evidence of a pretrial corporeal
identification made by a witness in the presence of and at the
request of a police officer and without notice to counsel.[1] We

---

[1] The defendant expressly disclaimed seeking review as to other issues
argued before the Appeals Court. He has made no State constitutional claim.

conclude that, under principles stated in *Moore* v. *Illinois,* 434 U.S. 220 (1977), amplifying *Gilbert* v. *California,* 388 U.S. 263, 272-274 (1967), and *United States* v. *Wade,* 388 U.S. 218, 226-227, 236-238 (1967), a per se exclusionary rule requires that such an identification be suppressed. Because we further conclude that the admission of this evidence was not harmless beyond a reasonable doubt, we reverse the defendant's conviction and remand the case for a new trial, before which a determination should be made whether the witness's in-court identification will be admissible because it would not be tainted by the improper pretrial identification.

The charge against the defendant arose out of a stabbing that occurred in Lawrence in March, 1980. Two witnesses to the crime identified the defendant as the assailant. One of these witnesses was Pablo Jaime, who identified the defendant at trial and also testified that on May 2, 1980, he had made a pretrial identification of the defendant at the Lawrence District Court.

On May 2, 1980, the day of the defendant's probable cause hearing, the defendant was seated in a courtroom waiting for the session to begin. At the defendant's arraignment on April 22, 1980, counsel had been appointed to represent him. Jaime had been summoned to the probable cause hearing and was also in the courtroom. Without advising the defendant's counsel, the investigating police officer asked Jaime to step outside and, when he did, the officer asked Jaime if he had seen the assailant in the courtroom. Jamie said he had, and, at the officer's request, reentered the courtroom and pointed out the defendant among spectators. At trial Jaime testified to this identification. The investigating officer also testified at the trial to Jaime's identification of the defendant in the courtroom on May 2, 1980.

In considering the defendant's argument that his right to counsel under the Sixth Amendment to the Constitution of the United States was violated, it is important to set to one side cases in which it has been claimed that particular in-court identifications, not directly initiated by the government, denied defendants their right to due process of law. Such cases, in-

volving evidence of identifications made at the time of probable cause hearings, require attention to the circumstances of any identification, the fairness or unfairness of the procedures followed, and the extent to which counsel undertook or could have undertaken to eliminate the suggestiveness of any identification. See *Commonwealth* v. *Cincotta,* 379 Mass. 391, 394-395 (1979); *Commonwealth* v. *Napolitano,* 378 Mass. 599, 603-605 (1979); *Commonwealth* v. *Jones,* 375 Mass. 349, 358-359 (1978).

The Sixth Amendment issue calls for a separate inquiry. See *Commonwealth* v. *Simmonds,* 386 Mass. 234, 237-240 (1982), in which we considered separately Sixth Amendment and due process challenges to the admission of evidence of pretrial identifications. Here we are concerned with a rule that requires the per se exclusion of evidence of a pretrial, corporeal identification made at the request of and in the presence of a police officer without notice to counsel. Even if the identification procedures are fair and without prejudice to the accused, and even if counsel has been appointed, evidence of such an identification must be excluded. See *Gilbert* v. *California, supra* at 273. The Supreme Court has said that because "the exclusionary rules set forth in *Wade* and *Gilbert* are justified by the need to assure the integrity and reliability of our system of justice, they undoubtedly will affect cases in which no unfairness will be present." *Stovall* v. *Denno,* 388 U.S. 293, 299 (1967). That Court's opinion in *Moore* v. *Illinois, supra* at 229, made clear that the principles of the *Wade* and *Gilbert* cases, which involved lineups, applied as well to government requested identifications made in the course of pretrial court proceedings in the absence of counsel or without notice to counsel.

Even before the *Moore* case was decided, courts had recognized that a per se exclusionary rule applied to an uncounseled identification made at the time of a pretrial hearing where the identification was initiated by a police officer or a prosecutor. See *United States* v. *Roth,* 430 F.2d 1137, 1140-1141 (2d Cir. 1970), cert. denied, 400 U.S. 1021 (1971) (informal postindictment identification made at the request of the prosecutor with-

out notice to counsel violated Sixth Amendment rights, but the court concluded in effect that the error was harmless because the incident did not taint the witness's in-court testimony or infect the trial); *Mason* v. *United States,* 414 F.2d 1176, 1181 n.23 (D.C. Cir. 1969) (no prejudice need be shown); *Martin* v. *Donnelly,* 391 F. Supp. 1241, 1248 (D. Mass. 1974) (lack of suggestiveness "cannot excuse or validate improper police procedure"). Since the *Moore* case was decided, other courts have recognized that it laid down a per se exclusionary rule. See *McKinon* v. *Wainwright,* 705 F.2d 419, 422 (11th Cir.), cert. denied, 464 U.S. 896 (1983) (the defendant had "an absolute right to be represented by counsel at a corporeal identification held at a preliminary hearing" but here only an identification at trial was admitted in evidence and it was "based on a source independent of the identification at the preliminary hearing" because the witness had known the defendant long before the crime was committed); *Solomon* v. *Smith,* 645 F.2d 1179, 1187-1188 & n.8 (2d Cir. 1981) (witness may not identify defendant at trial following an identification in a showup in the absence of counsel at a crucial stage of the proceedings, unless the witness's ability to identify the defendant has an origin "independent" of the uncounseled identification proceeding). Cf. *United States* v. *Hensel,* 699 F.2d 18, 40-41 (1st Cir.), cert. denied, 461 U.S. 958, sub nom. *Dill* v. *United States,* 464 U.S. 823, and *Case* v. *United States,* 464 U.S. 824 (1983) (identification made during a chance encounter at a snack bar after the prosecutor asked the witness to "look around" the courthouse to see if he could identify the persons who committed the crime, admissible); *Commonwealth* v. *Cincotta,* 379 Mass. 391, 393, 395 n.8 (1979) (identification spontaneously offered by witnesses seated at probable cause hearing, admissible). That the rule of the *Moore* case applies without regard to the suggestiveness or unfairness of the identification procedures and is a per se exclusionary rule is confirmed by the comments of Justice Rehnquist, concurring in the *Moore* case. *Moore* v. *Illinois, supra* at 232-233 (Rehnquist, J., concurring). Because of the absence of notice to counsel in such a situation, a defendant has no opportunity to prevent or control

such a "showup" or to arrange alternatively for a lineup prior to the hearing.

The Commonwealth argues that, if there was a Sixth Amendment violation, it was harmless beyond a reasonable doubt. See *Moore* v. *Illinois, supra* at 232. Because Jaime's testimony and the police officer's testimony concerning Jaime's pretrial identification at the officer's request were admissible for probative purposes (see *Commonwealth* v. *Weichell,* 390 Mass. 62, 71 [1983], cert. denied, 465 U.S. 1032 [1984]), and Jaime was one of only two witnesses who identified the defendant, we cannot fairly say that admission of this identification evidence was harmless beyond a reasonable doubt.

The verdict of guilty is set aside and the judgment is reversed. The order denying the motion to suppress the pretrial identification is vacated and an order shall be entered suppressing that identification. Before any retrial at which Jaime will testify and identify the defendant as the assailant, there must be a hearing to determine whether there is an adequate basis for Jaime to identify the defendant at trial (and for the admission of any pretrial identification other than the one made by Jaime at the request of the investigating officer).

*So ordered.*