COMMONWEALTH vs. ROY F. MCGOVERN.

Norfolk.  March 5, 1986. — July 9, 1986.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

Breaking and Entering. Destruction of Property. District Attorney. Constitutional Law, Trial by jury.

The fact that, after a criminal defendant had elected to be tried by jury in the first instance in a District Court, the prosecutor obtained his indictment in the Superior Court on the identical charges provided no basis for a presumption that the prosecutor had sought the indictments in retaliation for the defendant's claim of a jury trial, thus unconstitutionally burdening the defendant's exercise of that right. [865-867]

At the jury-waived trial of an indictment charging wilful and malicious destruction of property valued in excess of $100, the Commonwealth presented sufficient evidence to enable the judge to conclude beyond a reasonable doubt that the defendant's destructive acts were by design and were hostile to the owner of the property. [867-868]

A defendant was entitled to acquittal on a charge of breaking and entering with intent to steal, where evidence introduced at his trial did not permit a finding beyond a reasonable doubt that he intended to carry away and permanently deprive anyone of his property, or that he intended anything more than to vandalize the property in question. [868-869]

INDICTMENTS found and returned in the Superior Court Department on July 16, 1984.

The cases were heard by Herbert F. Travers, Jr., J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

Maureen B. Brodoff, Committee for Public Counsel Services, for the defendant.

Stephanie Martin Glennon, Assistant District Attorney (Charles J. Hely, Assistant District Attorney, with her) for the Commonwealth.

O'CONNOR, J. A grand jury indicted the defendant for breaking and entering in the daytime a parking lot booth owned by

the Massachusetts Bay Transportation Authority (MBTA) "with intent to steal therein money or other property" belonging to the MBTA. G. L. c. 266, § 18 (1984 ed.). The defendant also was indicted for wilful and malicious destruction of property valued in excess of $100. G. L. c. 266, § 127 (1984 ed.). The defendant moved for dismissal of those indictments on the ground of prosecutorial vindictiveness. That motion was denied, and a judge without a jury thereafter found the defendant guilty on both indictments. The judge sentenced the defendant to concurrent one-year terms in the Dedham house of correction. The defendant appealed both convictions, and we transferred the case here on our own motion.

On appeal, the defendant claims that the motion judge erred in denying his pretrial motion to dismiss the indictments. He also claims that there was insufficient evidence at trial from which a rational trier of fact could have found beyond a reasonable doubt all the elements of either of the crimes charged. We affirm the conviction of wilful and malicious destruction of property. We reverse the other conviction because there was insufficient evidence of a specific intent to steal.

The defendant's motion to dismiss the indictments was grounded on alleged prosecutorial vindictiveness resulting in a deprivation of due process rights guaranteed by the Federal and State Constitutions. A procedural history is necessary to an understanding of that claim. On June 26, 1984, counsel was appointed for the defendant in a District Court on complaints charging the defendant with larceny, breaking and entering a building in the nighttime with intent to commit a felony and with wilful and malicious destruction of property. On the same day counsel conferred with an assistant district attorney who suggested continuing the case for trial in the Quincy District Court. The assistant district attorney made no suggestion to the judge or to counsel that the case should be set down for a probable cause hearing or that the judge should consider declining jurisdiction over the case. The defendant then filed a claim for jury trial in the first instance. G. L. c. 218, § 26A (1984 ed.). On July 2, 1984, the defendant appeared with counsel in the Quincy District Court but the

case was continued until July 18 for conference. The indictments at issue here were handed down on July 16, and on July 25 the complaints were dismissed over the defendant's objection.

The evidence at the jury-waived trial consisted entirely of a stipulation that MBTA police Officer Mark F. Gillespie would testify in accordance with a police report and a transcript of his testimony before the grand jury. Those documents were entered in evidence. Officer Gillespie's police report states as follows: On June 21, 1984, at approximately 8:50 P.M., Gillespie and another officer responded to a radio call reporting a man breaking into the parking lot booth at the Wollaston MBTA station. On arriving at the parking lot, the officers observed a man, later identified as the defendant, inside the booth tearing it apart. The officers also observed that a side window of the booth was broken and the door was "knocked in." Two chairs, a money box, a portable heater, and a lighting unit were "thrown out of the booth onto the street." The defendant seemed to be pulling the electrical wiring off the ceiling as the officers approached the scene. The officers placed the defendant under arrest and advised him of his rights. At that time, the defendant appeared to be under the influence of drugs, alcohol, or both. Also outside the booth, the officers found a packet containing $29, a money report sheet, and twenty-nine parking claim checks. Gillespie's grand jury testimony was substantially the same as his police report. In his grand jury testimony, however, he said only that an air conditioner and a heating unit were thrown onto the street, and he said that "a pile of one dollar bills" and claim checks were found "next to a tree about three feet from the booth."

1. *Prosecutorial Vindictiveness.*

In support of his motion to dismiss, citing *Blackledge* v. *Perry,* 417 U.S. 21 (1974), and *Lovett* v. *Butterworth,* 610 F.2d 1002 (1st Cir. 1979), the defendant argued in the Superior Court that the prosecutor's seeking indictments after the defendant's exercise of his right to a first instance jury trial in the District Court raises a presumption that the Commonwealth sought the indictments in retaliation for the defendant's exercise

of his constitutional right.[1] The defendant pointed out, as he does here, that the maximum punishment in the District Court for the crimes charged was confinement for two and one-half years in a house of correction, whereas the maximum punishment in the Superior Court was ten years' confinement in a State prison. This vindictive "upping the ante," it is argued, "chills" the exercise of the right to jury trial in violation of the Fourteenth Amendment to the United States Constitution and art. 12 of the Declaration of Rights of the Massachusetts Constitution.

On appeal, the defendant concedes that under the Supreme Court decision in *United States* v. *Goodwin,* 457 U.S. 368 (1982), the prosecutor's actions in this case do not pose an apprehension of vindictiveness sufficient to require dismissal of the indictments under Federal law. Nevertheless, as a matter of State constitutional or common law, the defendant urges us to adopt the position of the dissenting Justices in *Goodwin,* and hold that the sequence of charges in this case poses a realistic likelihood of prosecutorial vindictiveness requiring dismissal of the indictments.

This case does not require us to determine State law by choosing between the majority and minority views in *Goodwin,* for, even if we were to adopt the reasoning of the Justices dissenting in that case, the defendant's argument would fail. The defendant in *Goodwin* was scheduled to be tried for several misdemeanors before a Federal magistrate without a jury. Rather than submit to trial before the magistrate, the defendant exercised his right to a jury trial in a Federal District Court. Then, before that trial took place, the prosecutor obtained a felony charge as part of a four-count indictment. The Court held that there was no reasonable likelihood of prosecutorial vindictiveness warranting a presumption of vindictiveness where, prior to trial, a prosecutor brought additional charges against a defendant following his claim of jury trial. The Court reasoned that a change in a prosecutor's charging decision

---

[1] The defendant does not argue that apart from such a presumption vindictiveness has been established.

prior to trial is not so likely to be improperly motivated as in the circumstances presented in *Blackledge* v. *Perry, supra,* where charges were increased after an initial conviction but prior to a de novo appeal. *Goodwin, supra* at 380-384. The Court dismissed the argument, expressed in the dissenting opinion, that the increased prosecutorial costs associated with a jury trial compel a presumption of vindictiveness. *Id.* at 383-384.

The dissenting Justices in *Goodwin* reasoned that the sequence of charges posed a realistic likelihood that the prosecutor was penalizing the defendant for choosing a jury trial because "a jury trial entails far more prosecutorial work than a bench trial." *Goodwin, supra* at 390 (Brennan, J., dissenting). Those concerns do not apply here. The defendant's decision to seek a jury trial in the first instance would not clearly require increased expenditure of prosecutorial resources. It may well be that the defendant's choice would have reduced the Commonwealth's costs. Under our two-tiered system, a defendant convicted at a bench trial in a District Court has a right to a trial de novo before a jury of six. See G. L. c. 218, §§ 26A, 27A (1984 ed.). The defendant's choice reduced the number of potential trials from two, including a jury trial, to one. There is no basis for a presumption that the prosecutor's decision to seek indictments was vindictive rather than an appropriate exercise of his well-recognized right "to seek indictments while identical charges are pending in the District Court." *Commonwealth* v. *Burt,* 393 Mass. 703, 706 (1985). *Commonwealth* v. *Raposa,* 386 Mass. 666, 668 (1982) ("It has long been the rule in the Commonwealth that the pendency of a criminal matter in a District Court does not preclude a prosecutor from seeking an indictment for the same offense").

2. *Sufficiency of the Evidence.*

The defendant argues that the evidence did not warrant a finding beyond a reasonable doubt that he destroyed property wilfully and maliciously, or that he broke and entered the MBTA booth with intent to steal. The defendant did not move for required findings of not guilty. However, findings based on legally insufficient evidence are inherently serious enough

to create a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Assad,* 19 Mass. App. Ct. 1007, 1008 (1985). Accordingly, we review the sufficiency of evidence issues. *Commonwealth* v. *Pickles,* 393 Mass. 775, 776 (1985). *Commonwealth* v. *Freeman,* 352 Mass. 556, 563-564 (1967). As to each indictment we consider "whether the evidence received, viewed in a light most favorable to the Commonwealth, is sufficient so that the [fact finder] 'might properly draw inferences, not too remote in the ordinary course of events, or forbidden by any rule of law, and conclude upon all the established circumstances and warranted inferences that the guilt of the defendant was proved beyond a reasonable doubt.'" *Commonwealth* v. *Chappee, ante* 508, 519 (1986), quoting *Commonwealth* v. *Anderson,* 396 Mass. 306, 311 (1985). See *Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 (1979).

The evidence was sufficient to prove beyond a reasonable doubt that the defendant wilfully and maliciously destroyed the MBTA's property. "The word 'wilful' means intentional and by design in contrast to that which is thoughtless or accidental. Malice, on the other hand, refers to a state of mind of cruelty, hostility or revenge." *Commonwealth* v. *Peruzzi,* 15 Mass. App. Ct. 437, 443 (1983), quoting J.R. Nolan, Criminal Law § 427, at 259 (1976). It is immaterial whether the defendant knew the identity of the owner of the property. *Commonwealth* v. *Peruzzi, supra* at 442 n.4. See *Commonwealth* v. *Hosman,* 257 Mass. 379, 384-385 (1926). The evidence clearly warranted the judge in finding beyond a reasonable doubt that the defendant's destructive acts were by design and were hostile to the owner of the booth.

The evidence did not warrant a finding beyond a reasonable doubt that the defendant intended to steal — that is, to carry away and permanently deprive anyone of his property. It is true, as the Commonwealth argues, that when a person forcefully enters a building without right, it is ordinarily a fair inference, in the absence of contrary evidence, that he intends to steal. See *Commonwealth* v. *Eppich,* 342 Mass. 487, 493 (1961); *Commonwealth* v. *Ronchetti,* 333 Mass. 78, 81 (1955). But the evidence here does not permit a finding beyond a rea-

sonable doubt that the defendant intended anything more than to vandalize the booth. Therefore, the defendant is entitled to reversal of the conviction of breaking and entering with intent to steal.

> *Judgment on indictment no. 81347 (wilful and malicious destruction of property) affirmed.*
>
> *Judgment on indictment no. 81346 (breaking and entering with intent to steal) reversed. Finding set aside. Judgment for the defendant.*