NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-580

COMMONWEALTH

vs.

DENNIS L. LASSITER-FRANKLIN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a trial by jury in the Boston Municipal Court, the defendant, Dennis L. Lassiter-Franklin, was convicted of unlicensed possession of a firearm, in violation of G. L. c. 269, § 10 (a), as then in effect.  After briefs were filed, this court stayed the appeal from the conviction pending a decision in Commonwealth v. Smith, 496 Mass. 304 (2025).  Given Smith's holding that the evidence to prove the element of lack of licensure is insufficient when the Commonwealth fails to introduce evidence that the defendant's actual date of birth was the date of birth used in the licensing database search that ultimately returned no record, id. at 315-318, we conclude that there was insufficient evidence to sustain the defendant's

conviction here.  Accordingly, we reverse the judgment, set aside the verdict, and remand for entry of judgment in favor of the defendant.

Background.  At trial, the Commonwealth presented evidence through a police officer to show that on November 6, 2022, the officer and his partner were on duty in the Fenway area of Boston.  As they drove down Sussex Street, they saw the defendant attempt but fail to traverse a fence and then duck down behind a parked car.  As they approached the defendant, he threw an object over fencing that hit a building and fell to the ground.  The officers believed the object to be a firearm.  It was secured and determined to be, in fact, a gun.  Another Commonwealth witness, Mario Monzon, testified that as a keeper of the records of the Department of Criminal Justice Information Services (CJIS), he conducted a CJIS query to determine whether the defendant had a license to carry or a firearms identification (FID) card.[1]  Although Monzon testified that he was asked to perform a search for firearms licensing information related to the name "Dennis Lassiter-Franklin," he "entered the subject's name [as] . . . Dennis Franklin . . ." and used

---

[1] Monzon testified that the CJIS search provides access to the Massachusetts Instant Record Check System, which is used to maintain "all information to go with firearm licenses, firearm ID cars and weapon transactions in the Commonwealth" as part of the Firearms Record Bureau.

"3/20/89" as the date of birth.  The Commonwealth did not introduce any additional evidence of the defendant's date of birth.  Finally, Monzon testified that the query he performed resulted in "[n]o record found for that name and date of birth combination," and that such a result means that "the name that you just ran has never had a license in Massachusetts or an FID card."  At the close of evidence, the defendant moved for a required finding of not guilty, which was denied.[2]

Discussion.  On appeal, the defendant argues that the evidence at trial was insufficient to sustain his conviction for unlicensed possession of a firearm because no evidence was submitted that the date of birth provided to Monzon was, in fact, the defendant's date of birth.  The Commonwealth concedes that it introduced only evidence that the "subject's name and date of birth" were used in the search.  The Commonwealth argues, though, that the evidence of the defendant's actions immediately prior to his arrest, to wit, ducking behind a vehicle, attempting to climb a fence, and throwing an object over a fence, was sufficient to prove that he was unlicensed.

---

[2] The defendant's motion did not raise the insufficiency of the evidence of his lack of licensure; however, "findings based on legally insufficient evidence are inherently serious enough to create a substantial risk of a miscarriage of justice." Commonwealth v. McGovern, 397 Mass. 863, 867-868 (1986).

3

We conclude that even viewed in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979), the evidence was insufficient to sustain the defendant's conviction.[3]  We conclude that the reasoning in Smith controls.  In Smith, 496 Mass. at 306-307, 316-317, the CJIS employee testified that he used a name and date of birth provided by the district attorney's office to query the Massachusetts Instant Record Check System database.  The result was "no records found."  Id. at 307.  The trial judge ruled that the testimony would not be considered as substantive evidence of the defendant's date of birth; however, the Commonwealth failed to produce any "alternate substantive evidence" that the date of birth queried was the actual date of birth of the defendant. Id. at 307-308.  The court agreed with the trial judge that the use of biographical data provided by the district attorney's office to the keeper of records was impermissible hearsay and concluded that the failure of the Commonwealth to produce any other witness to supply the defendant's date of birth was "fatal" to proving lack of licensure beyond a reasonable doubt.

---

[3] The trial in this matter occurred after the decision in Commonwealth v. Guardado, 491 Mass. 666, 690-693, S.C., 493 Mass. 1 (2023), cert. denied, 144 S. Ct. 2683 (2024), holding that due process requires the Commonwealth to establish that the defendant did not have a license to carry or an FID card to prove nonlicensure beyond a reasonable doubt.

4

Id. at 317. Without substantive evidence of the defendant's actual date of birth, the probative value of the search results was "vanishingly slight" (quotation omitted). Id.

Here, Monzon testified to running a search using a name and date of birth (he did not testify who provided this information), and receiving a result of "[n]o record found." As in Smith, 496 Mass. at 317, the Commonwealth failed to produce any evidence that the date of birth provided to Monzon for the search was the defendant's actual date of birth. Without any evidence tying the date of birth Monzon used to the defendant, even viewing Monzon's testimony about his query and its result in the light most favorable to the Commonwealth, the evidence was insufficient to prove the defendant's lack of licensure, and the conviction cannot be sustained.[4] The Commonwealth's argument that the defendant's actions prior to his arrest were sufficient to satisfy the necessary element of lack of licensure is unavailing. While a fact finder may draw reasonable inferences

---

[4] In addition to the lack of evidence that the date of birth used in the database search was the defendant's actual date of birth, Monzon testified that the search was performed using the name "Dennis Franklin." There was no evidence presented on what result the database yields when last names are hyphenated, or whether a search for "Dennis Franklin" would also return results for "Dennis Lassiter-Franklin." As we reverse the judgment based on lack of sufficient evidence of the defendant's date of birth, we need not address the issue of the name used in the search.

5

from conduct, "consciousness of guilt alone is insufficient to support a guilty verdict." Commonwealth v. Woods, 466 Mass. 707, 715, cert. denied, 573 U.S. 937 (2014), S.C., 480 Mass. 231, cert. denied, 586 U.S. 1054 (2018). See Smith, supra at 318 n.15.[5]

The judgment is reversed, and we set aside the verdict and remand for entry of judgment in favor of the defendant.

So ordered.

By the Court (Massing, Hand &
  Allen, JJ.[6]),

Clerk

Entered: December 2, 2025.

---

[5] In his brief, the defendant also argues that Monzon's testimony was inadmissible hearsay that violated the defendant's constitutional right to confrontation. At oral argument, the defendant conceded that Smith, 496 Mass. at 313-315 & n.13, disposes of this argument. We agree.

The defendant also argues on appeal that the judge erred in admitting "state of police knowledge" testimony. Because we reverse the defendant's conviction for insufficient evidence, we do not address that argument here.

[6] The panelists are listed in order of seniority.