NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-959

COMMONWEALTH

vs.

THERON J. WHITE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was convicted by a jury in the Boston Municipal Court of, among other charges, carrying a firearm without a license, G. L. c. 269, § 10 (a), as then in effect, and carrying a loaded firearm without a license, G. L. c. 269, § 10 (n), as then in effect.  On appeal, the defendant argues that the trial judge erred in failing to sua sponte enter a required finding of not guilty on both charges due to a lack of sufficient evidence.  We affirm.

Background.  Viewing the evidence in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 676-678 (1979), the jury could have found the following.  On July 4, 2018, Boston police officers observed the

defendant operating a dirt bike on a public street without a license plate or helmet, both of which were required under Massachusetts motor vehicle laws.[1] The officers attempted to stop the defendant after he "accelerated to a pretty high rate of speed." The defendant refused to pull over, but instead attempted to flee from police by "traversing several side streets" before driving "onto the sidewalk" and into a field and park. Additional officers arrived at the scene and placed the defendant in handcuffs after tackling him from the dirt bike.

The defendant was wearing a backpack. One of the officers "squeezed the bag and felt a firearm." Officers removed the backpack from the defendant's person, opened it, and removed a revolver tucked inside a sock. One of the officers read the defendant his Miranda rights. Officer Clifford Davis testified that when asked if he had a license to carry a firearm, the defendant responded that he had a license to carry from a different State in his backpack. An officer then asked the defendant if everything in the backpack belonged to him, to which the defendant answered in the affirmative. Officers searched but did not find a firearm license in the backpack or on the defendant's person.

---

[1] The jury could reasonably infer from the officers' testimony that the dirt bike was motorized.

Steven Fennessy, an employee with the Department of Criminal Justice Information Services (DCJIS), testified to his knowledge of Massachusetts's firearm records and licensing database. To retrieve firearm licensing information, an officer enters a person's name and date of birth into the DCJIS-maintained Massachusetts Instant Record Check System (MIRCS). MIRCS then shows if that person has a license to carry or a firearms identification card. Fennessy testified that he conducted a search on a person with the name "Theron White" and a date of birth of January 11, 1991. The Commonwealth did not introduce any evidence of the defendant's actual date of birth. The search returned a result of "no records found." Fennessy also testified that an out-of-State license to carry a firearm is not valid in Massachusetts.

Discussion. 1. Standard of review. "A defendant is entitled to a required finding of not guilty only when 'the evidence is insufficient as a matter of law to sustain a conviction on the charge.'" Commonwealth v. Andrews, 427 Mass. 434, 440 (1998), quoting Mass. R. Crim. P. 25 (a), 378 Mass. 896 (1979). Where, as here, the defendant did not move for a required finding of not guilty, we nevertheless address the claim because "findings based on legally insufficient evidence are inherently serious enough to create a substantial risk of a

3

miscarriage of justice." Commonwealth v. McGovern, 397 Mass. 863, 867-868 (1986).

"In reviewing a claim of insufficient evidence, we ask 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Commonwealth v. Brown, 479 Mass. 600, 608 (2018), quoting Latimore, 378 Mass. at 677. "Proof of the essential elements of the crime may be based on reasonable inferences drawn from the evidence, . . . and the inferences a jury may draw need only be reasonable and possible and need not be necessary or inescapable." Commonwealth v. Wurtzberger, 496 Mass. 203, 205 (2025), quoting Commonwealth v. Kapaia, 490 Mass. 787, 791 (2022). "Nonetheless, it is not enough for the appellate court to find that there was some record evidence, however slight, to support each essential element of the offense; it must find that there was enough evidence that could have satisfied a rational trier of fact of each such element beyond a reasonable doubt." Commonwealth v. Smith, 496 Mass. 304, 316 (2025), quoting Commonwealth v. Gonzalez, 475 Mass. 396, 407 (2016).

2. Unlawful possession of a firearm. The defendant contends that where the evidence at trial was insufficient to prove lack of licensure, the judge erred in failing to sua

sponte enter a required finding of not guilty on the charge of carrying a firearm without a license. We disagree.

Absence of licensure is an essential element of unlawful possession of a firearm. G. L. c. 269, § 10 (a). See Commonwealth v. Guardado, 491 Mass. 666, 690, 692, S.C., 493 Mass. 1 (2023), cert. denied, 144 S. Ct. 2683 (2024). Thus, the Commonwealth must prove beyond a reasonable doubt that the defendant lacked a valid firearm license. Guardado, supra at 690.[2]

While this case was on appeal, the Supreme Judicial Court decided Commonwealth v. Smith, 496 Mass. 304 (2025). There, like here, a DCJIS employee testified that his search of the firearm license database using the defendant's name and a date of birth returned a result of "no records found." Id. at 306-307. The court reversed the defendant's convictions of unlawful possession of a firearm and ammunition after concluding that the DCJIS employee's testimony "had negligible probative value where the Commonwealth did not introduce evidence that the birth date used to search the database was the defendant's actual birth date." Id. at 306. The DCJIS employee did not have personal knowledge of the defendant's birth date; the testimony could not

---

[2] The court's decision in Guardado, 491 Mass. at 668, 690-692, holding that due process requires the Commonwealth to prove nonlicensure beyond a reasonable doubt, predated the defendant's trial by approximately seven months.

5

be considered for the truth of the defendant's birth date, and the Commonwealth did not provide alternate substantive evidence of the defendant's birth date.  Id. at 307-308, 316-317.

Here, the Commonwealth's evidence that the defendant did not have a license to carry a firearm included the testimony of Fennessy, a DCJIS employee, as detailed above.  Fennessy testified that his search of a Statewide database of firearm records and licenses using the defendant's name and a date of birth returned no results.  However, the Commonwealth did not introduce any evidence establishing the defendant's date of birth.  As with the DCJIS employee in Smith, Fennessy's "testimony did not alone amount to sufficient evidence that the defendant lacked a firearm license."  Smith, 496 Mass. at 317. The probative value of Fennessy's testimony to prove that the defendant did not have a firearm license depended on the birth date entered in the database.  See id.  "Consequently, in the absence of any substantive evidence of the defendant's birth date, [Fennessy's] testimony -- that the database returned no result when searched for the defendant's name and a birth date -- had at most a vanishingly 'slight' tendency to prove that the defendant himself lacked a license and cannot amount to proof beyond a reasonable doubt."  Id., quoting Latimore, 378 Mass. at 677-678.

6

Were the testimony of Fennessy the only evidence that the defendant lacked a firearm license, Smith would be fatal to the Commonwealth's proof on this issue.  However, Officer Davis testified that the defendant told officers that he had an out-of-State firearm license in his backpack.  Officers did not find any license to carry, either for Massachusetts or another State, in his backpack.  The jury could reasonably infer that the defendant lacked a Massachusetts license when he told officers he had an out-of-State license in his bag, but none was recovered.  A reasonable jury could infer that had the defendant possessed a Massachusetts license, he would have told officers as much.[3]  In addition, even if the defendant did have an out-of-State license, the jury could have concluded that that license would not be valid in Massachusetts because, as Fennessy testified, there is no reciprocity in Massachusetts.

Furthermore, a rational jury could have inferred that the defendant fled from the police because he knowingly possessed a firearm without being properly licensed.  See Commonwealth v. Grayson, 96 Mass. App. Ct. 748, 751 (2019) (flight may imply consciousness of guilt); Commonwealth v. Summers, 93 Mass. App. Ct. 260, 264 (2018) (flight supports inference of intent to exercise dominion and control over contraband).  Accordingly,

_____

[3] On appeal, the defendant does not challenge the denial of his motion to suppress evidence and statements to the police.

7

there was sufficient evidence for the jury to find that the defendant lacked a valid Massachusetts firearm license without relying on "surmise, conjecture, or guesswork," Commonwealth v. Walter, 10 Mass. App. Ct. 255, 257 (1980) (citation omitted), and the judge did not err in not sua sponte entering a required finding of not guilty.

3. Unlawful possession of a loaded firearm. The defendant also argues that where the evidence was insufficient to support an inference that he knew the firearm was loaded, the judge erred in failing to sua sponte enter a required finding of not guilty on the charge of carrying a loaded firearm. We disagree. "[T]o sustain a conviction under G. L. c. 269, § 10 (n), the Commonwealth must prove that a defendant knew the firearm he or she possessed was loaded." Brown, 479 Mass. at 601. "Where there is no direct evidence that a defendant knew a gun was loaded, a jury rationally may infer that fact from circumstantial evidence." Commonwealth v. Ashford, 486 Mass. 450, 454 (2020), citing Brown, supra at 608.

Here the evidence, viewed in the light most favorable to the Commonwealth, was sufficient for the jury to infer that the defendant knew the firearm was loaded. The firearm was found inside a backpack recovered from the defendant's person, and the defendant told officers that everything in the backpack belonged to him. It is a "commonsense inference" that a person would

8

check to see if a firearm was loaded before putting it on his body, such as in a bag worn on the back.  See Commonwealth v. Resende, 94 Mass. App. Ct. 194, 200-201 (2018).

The firearm recovered was a revolver, meaning that the bullets in the cylinder were clearly visible.  See Commonwealth v. Silvelo, 96 Mass. App. Ct. 85, 90 (2019), S.C., 486 Mass. 13 (2020).  In addition, the jury could infer from Officer Davis's testimony of the external characteristics of a revolver, the photographs of the revolver admitted in evidence, and the revolver itself, which was also entered as an exhibit for the jury's inspection, that the defendant could tell the revolver was loaded "simply by looking at it."[4]  Ashford, 486 Mass. at 455.  From these facts, the evidence was sufficient to prove beyond a reasonable doubt that the defendant knew the firearm he possessed was loaded.  See Commonwealth v. Cooper, 97 Mass. App. Ct. 772, 774 (2020) ("On all the facts and circumstances here,

_____

[4] Officer Davis testified that a revolver has "a cylinder that snaps out, . . . and you can kind of push individual rounds into it and then it snaps closed."

then, although the inference of knowledge is not inescapable, it is a reasonable one . . .").

Judgments affirmed.

By the Court (Grant,
Brennan & Smyth, JJ.[5]),

Clerk

Entered:  January 5, 2026.

---

[5] The panelists are listed in order of seniority.