COMMONWEALTH *vs.* RICHARD A. CORMIER.

No. 95-P-754.

Worcester. February 7, 1996. - August 9, 1996.

Present: DREBEN, LAURENCE, & FLANNERY, JJ.

*Controlled Substances. Practice, Criminal,* Assistance of counsel, Double
    jeopardy.

In the circumstances of an appeal from the denial of a motion for a new
    criminal trial, this court considered a late raised issue of ineffective as-
    sistance of appellate counsel on the defendant's original appeal. [77-78]
A defendant was, in the circumstances, entitled to a judgment of acquittal
    on an indictment for trafficking in cocaine where the evidence was insuf-
    ficient to demonstrate that the defendant had knowledge of the cocaine
    in question, where there was no evidence of constructive possession and
    where appellate counsel's failure to argue the sufficiency of the evidence
    on the defendant's original appeal amounted to ineffective assistance of
    counsel. [78-80]

INDICTMENT found and returned in the Superior Court
Department on May 14, 1991.

Following review by this court, 36 Mass. App. Ct. 595
(1994), a motion for postconviction relief, filed on January 1,
1995, was heard by *James P. Donohue*, J.

*Roderick B. O'Connor* for the defendant.

*Brian J. Cann*, Assistant District Attorney, for the Com-
monwealth.

DREBEN, J. In his original appeal from his conviction in
1991 of trafficking in cocaine,[1] the defendant raised a number
of issues, but failed to argue that his motion for a required
finding of not guilty should have been allowed. We affirmed
his conviction. *Commonwealth* v. *Allain*, 36 Mass. App. Ct.
595 (1994). Represented by new counsel, the defendant, in

---

[1]He was also convicted of possession of cocaine with intent to distribute.
That charge was dismissed as merged with the trafficking conviction.

January, 1995, filed a postconviction motion for a required finding of not guilty, purportedly under Mass.R.Crim.P. 25(b), 378 Mass. 896 (1979),[2] or, in the alternative, for a new trial. The trial judge summarily denied the motion and this appeal ensued. We reverse the defendant's conviction because the evidence introduced at trial during the Commonwealth's case was insufficient, and appellate counsel's failure to argue the sufficiency of the evidence on the defendant's original appeal amounted to ineffective assistance of counsel. *Commonwealth v. Cardenuto*, 406 Mass. 450, 453-454 (1990).

The Commonwealth argues that by not having raised in his original appeal the issues now argued, the defendant has waived these claims as they were reasonably available at the time of his direct appeal. In addition, we note that, in presenting the current postconviction motion directed at the insufficiency of evidence to convict and the ineffectiveness of trial counsel,[3] present counsel did not raise the issue of ineffective assistance of appellate counsel until his reply brief in this court. Although the argument is made too late, in the circumstances of this case, where the issue of the sufficiency of evidence and ineffectiveness of counsel (albeit trial counsel) were the primary focus of these postconviction proceedings, we consider the issue despite the tardy recognition by counsel of the correct formulation of the claim. See *Commonwealth v. O'Connor*, 406 Mass. 112, 121 n. 8 (1989). As pointed out in *Commonwealth v. Cardenuto*, 406 Mass. at 454, "if the evidence introduced at trial was insufficient to sustain the conviction, [appellate] counsel's failure to argue this issue on appeal necessarily amounted to ineffective assistance of counsel." See also *Commonwealth v. Curtis*, 417 Mass. 619, 624-625 n.4 (1994); *Commonwealth v. McGovern*, 397 Mass 863, 867 (1986)(findings based on legally insufficient evidence are inherently serious enough to create a substantial risk of a miscar-

[2]The motion under rule 25 was untimely as it was not made within five days after the jury was discharged. After a decision on direct appeal, "any further challenge to the conviction must be made on a motion for a new trial." *Commonwealth v. Curtis*, 417 Mass. 619, 623-624 (1994).

[3]Present counsel faults trial counsel for not detailing in writing the legal precedents for his oral motion for a required finding. He also claims trial counsel was ineffective in not objecting to certain instructions which he claims create a substantial risk of a miscarriage of justice. Because of our decision as to the insufficiency of evidence, we do not reach the propriety of the instructions.

riage of justice); *Commonwealth* v. *Assad,* 19 Mass. App. Ct. 1007, 1008 (1985) (same).

Applying the standard of *Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 (1979) — whether a rational trier of fact viewing the evidence in the light most favorable to the Commonwealth could be satisfied of the existence of each element of the offense beyond a reasonable doubt — we turn to the sufficiency of the evidence at the close of the Commonwealth's case. That is when the defendant moved for a required finding of not guilty and the time when his rights became fixed. *Commonwealth* v. *Kelly,* 370 Mass. 147, 150 & n.1 (1976). *Commonwealth* v. *Cardenuto,* 406 Mass. at 454.[4]

On June 20, 1990, Auburn police officer Andrew Sluckis observed a white, two-door Pontiac Trans Am automobile cut across three lanes of traffic and proceed at a speed of approximately seventy-three miles an hour. After stopping the vehicle, Officer Sluckis left his cruiser and approached the vehicle. There were three people in the car, two in the front and one, the defendant, sitting on the right side of the back seat. After requesting the driver's license and registration, the officer noticed four marihuana cigarettes in plain view in the ashtray in the front of the console. He called for a backup, and a few minutes later, when Officer Donna Fisher arrived, the officers requested that the occupants leave the car so that they could conduct a search.

When the two persons sitting in the front emerged, the officers noticed that the passenger who had occupied the front seat was barefoot. Both the driver and the defendant were wearing shoes. The three were directed to stand by the guard rail. The passengers complied, but the driver of the car acted in a very nervous manner, pacing back and forth.

Officer Sluckis began searching the car. On the floor behind

---

[4]The Federal courts and other jurisdictions do not follow this rule. If the rule were otherwise, we would be faced with the difficult issue of whether the defendant's testimony on cross-examination, after the Commonwealth had rested, filled the gap in the Commonwealth's case. The defendant acknowledged that he had accompanied the driver to New York knowing that the driver was involved in a drug deal and intended to pick up some cocaine and bring it back to Massachusetts. See *Commonwealth* v. *Garcia,* 409 Mass. 675, 687 (1991); *Commonwealth* v. *Santana,* 420 Mass. 205, 214 n.9 (1995). Compare *Commonwealth* v. *Booker,* 31 Mass. App. Ct. 435, 437 (1991); *Commonwealth* v. *Whitlock,* 39 Mass. App. Ct. 514, 518-519 (1995). The defendant was not tried on a theory of joint venture.

the passenger seat he noticed a pair of white high top sneakers, but continued to search elsewhere. As he probed the visor on the driver's side, he heard Officer Fisher ordering the driver to return to the guard rail. The driver, who was also the owner of the car, refused, walked to the car, grabbed the sneakers, jumped over the guard rail and ran down an embankment. After additional backup officers arrived, the driver was apprehended and the sneakers were recovered. One contained a clear plastic bag with a white, powdery substance later determined to be cocaine having a net weight of 122.94 grams; the other sneaker was missing an insert, but the insert was found nearby together with a clear plastic bag also containing cocaine. There was evidence that the street value of the cocaine was $62,000. A subsequent inventory search of the vehicle led to the discovery of two scales in a cubbyhole in front of the front passenger seat.

In order to meet its burden that the defendant constructively possessed the cocaine, the Commonwealth had to establish that the defendant had "knowledge [of the cocaine] coupled with the ability and intention to exercise dominion and control." *Commonwealth* v. *Garcia*, 409 Mass. 675, 686 (1991), quoting from *Commonwealth* v. *Deagle*, 10 Mass. App. Ct. 563, 567 (1980). "It is not enough to place the defendant and the contraband in the same car. [Citations omitted.] Knowledge of the contraband is an essential element." *Commonwealth* v. *Deagle, supra* at 566-567.

Not only was there no evidence of knowledge on the part of the defendant, there was here no evidence of constructive possession. While "[p]ossession may often be inferred from proximity conjoined with knowledge . . . the reasonableness of such an inference depends upon the circumstances. [Citation omitted.] Being a passenger in the rear seat of a car obviously does not, without more, imply possession of the car's contents." *Id*. at 567-568. In this case, where: 1) the drugs were placed inside sneakers (had they been readily visible, the police officer would presumably not have left the sneakers in place and continued the search elsewhere), 2) the driver exercised control over them by attempting to flee with them, and 3) one of the passengers, but not the defendant, was barefoot, some additional evidence, beyond the defendant's presence, and the location of the drugs, was necessary to

make out a case that possession of the bag was shared by the defendant.

In sum, there was here insufficient evidence in the Commonwealth's case-in-chief to sustain the defendant's conviction. This is not a case where a new trial can be ordered. *Commonwealth* v. *Funches,* 379 Mass. 283, 296-297 (1979). As in *Commonwealth* v. *Cardenuto,* 406 Mass. at 457 n.11, the ineffectiveness of counsel in failing to argue the sufficiency of evidence on appeal necessarily also resulted in the failure to raise on appeal the double jeopardy argument that, if the evidence was insufficient to sustain the conviction, the defendant could not be retried. In the circumstances of this case, we conclude that the insufficiency of the evidence and the ineffectiveness of appellate counsel, together with the principles of double jeopardy, preclude retrial. Accordingly, the judgment of conviction is reversed, the verdict set aside, and the case is remanded to the Superior Court for entry of a judgment of acquittal.

*So ordered.*