## Commonwealth *vs.* Thomas Bundza.

No. 99-P-2018.

Worcester. April 17, 2001. - February 28, 2002.

Present: Greenberg, Duffly, & McHugh, JJ.

*Personal Property,* Ownership, Attachment to real estate. *Larceny. Landlord and Tenant,* Fixture.

At a criminal trial on a charge of larceny of property valued over $250 (G. L. c. 266, § 30) arising from allegations that the defendant wrongfully removed fixtures from a house he had occupied until his eviction, the judge erred in denying the defendant's motion for a required finding of not guilty, where there was nothing in the evidence from which it could be reasonably inferred that the personal property belonged to someone other than the defendant, and that the defendant intended to steal the property. [77-78]

Complaint received and sworn to in the Worcester Division of the District Court Department on December 19, 1997.

The case was tried before *Edward J. Reynolds,* J.

The case was submitted on briefs.

*Fred W. Sunderland, Jr.,* for the defendant.

*John J. Conte,* District Attorney, & *Katherine E. McMahon,* Assistant District Attorney, for the Commonwealth.

Duffly, J. Thomas Bundza was convicted by a District Court jury of larceny of property valued over $250, G. L. c. 266, § 30. Bundza's conviction arose from allegations that he wrongfully removed fixtures from a house he had occupied until he was evicted by its owner, Glen Gibson.[1] Bundza argues on appeal that the trial judge erred (1) when he denied Bundza's mo-

---

[1] Among the items allegedly removed were a parlor gas stove; glass shower doors; a shower head; medicine cabinet; vanity; ceiling lights and fans in the dining and living rooms; and a dishwasher. The parties stipulated that Bundza removed these items from the premises and that they had a total value in excess of $250.

tion for a required finding of not guilty made at the close of the Commonwealth's case, but not renewed at the close of all the evidence, and (2) in admitting in evidence a photograph and testimony suggesting he damaged the rear screen door of the dwelling.[2] We agree that the motion for a required finding of not guilty should have been granted, and on this basis reverse the judgment.

The Commonwealth was required to establish that the personal property removed from the premises was owned by someone other than Bundza, *Commonwealth* v. *Souza*, 397 Mass. 236, 238 (1986), and that Bundza intended to steal it, *Commonwealth* v. *Dellamano*, 393 Mass. 132, 134 n.3 (1984). The Commonwealth argues that the proof establishing these elements may be inferred from the evidence introduced during its case. In addition to the parties' stipulation, see note 1, *supra*, this consisted of the testimony of Gibson, the Commonwealth's sole witness, that he had purchased the premises from a bank that foreclosed on the property; that Bundza, who lived there, subsequently rejected an offer made by Gibson to enter into a tenancy at will; and that as a result Gibson caused Bundza to be evicted. The Commonwealth also introduced several photographs of the premises taken in the wake of Bundza's removal of the items, depicting holes in the walls, exposed wires, and exposed pipes where the items of property had been removed.[3]

We conclude that there is nothing in the evidence from which it may reasonably be inferred that the personal property belonged to someone other than Bundza, and that Bundza intended to steal it. There is no legal presumption of ownership of personal property that has allegedly been affixed to real estate. Indeed, in a civil action between a landlord and tenant (the relationship between Bundza and Gibson as established by the Commonwealth's evidence), "[t]he bias is toward the tenant's right of removal unless the parties by action, speech, or

[2]We need not reach the defendant's third agreement on appeal, that the prosecutor was impermissibly argumentative in his questioning of the defendant.

[3]The parties did not include the photographs in the record, and we rely for our description of what was depicted in them on Gibson's uncontroverted testimony.

writing (e.g., a lease) have demonstrated a different intent; i.e., the intent of the parties, if it can be ascertained, governs." *Worcester Redev. Authy.* v. *Department of Hous. & Community Dev.*, 47 Mass. App. Ct. 525, 529 (1999). Thus, ownership of the alleged fixtures is an issue of fact, see *Consiglio* v. *Carey*, 12 Mass. App. Ct. 135, 138-139 (1981), that turns on whether the items attached to the realty can be removed without material injury to the premises, and whether if removed, the items would lose their essential character or value. See *Worcester Redev. Authy.* v. *Department of Hous. & Community Dev., supra.* Another important consideration is the intent of the owner of the items upon installation. *Ibid.* See 8 Powell, Real Property § 57.05[2][a], at 57-31 (2000) ("Intent is now the principal and most important factor to consider in defining a fixture").[4] The inference of ownership by someone other than Bundza, and Bundza's intent, could not in these circumstances be drawn from the evidence that the removed items left hanging wires, holes, and exposed pipes. At best, the inference is equally strong that Bundza, a tenant rightfully occupying the premises, removed these items because he owned them.[5] See *Borden* v. *New York, N.H. & H. R.R.*, 339 Mass. 266, 272 (1959) (burden of proof determinative where inferences equally balanced).

We reverse the judgment of conviction, set aside the verdict,

___

[4] Evidence was presented by the defense that Bundza had owned the real estate until it was foreclosed upon and had purchased and installed the items of personal property that he removed from the premises. This evidence did not come out until the defendant's case, and thus could not have been considered by the judge when deciding the motion for a required finding made when the Commonwealth rested. See *Commonwealth* v. *Cormier*, 41 Mass. App. Ct. 76, 78 (1996). We note, as the Commonwealth in its brief also concedes, that this evidence was sufficient to raise a defense of ownership of the property that imposed upon the Commonwealth the burden of disproving the defendant's ownership. See, e.g., *Commonwealth* v. *McAfee*, 430 Mass. 483, 495-496 (1999) (evidence sufficient to raise defense of self-defense and provocation puts burden on Commonwealth of disproving them beyond a reasonable doubt). See also *Commonwealth* v. *Fitzgerald*, 380 Mass. 840, 841 (1980).

[5] We also conclude that the photograph depicting a damaged screen door of the dwelling, introduced by the Commonwealth to establish a possible motive as to why Bundza absconded with Gibson's property, failed to meet the threshold test of relevancy and should not have been admitted. See *Commonwealth* v. *LaSota*, 29 Mass. App. Ct. 15, 24 (1990).

and remand the case to the District Court for entry of a judgment of acquittal.

*So ordered.*