After a trial in the District Court, a jury found the defendant, Kaira Mark, guilty of operating a motor vehicle while under the influence of alcohol, in violation of G. L. c. 90, § 24(1)(a )(1). On appeal, the defendant contends that the Commonwealth failed to corroborate her admission that she was operating the vehicle. She also contends, for the first time on appeal, that the judge erred by failing to give a curative instruction, sua sponte, concerning the arresting officer's opinion that the defendant was "intoxicated." We affirm.
Background. The evidence, viewed in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1978), was as follows:
On February 20, 2016, at approximately 2:45 A.M. , Braintree police Officer Brian Eng responded to a motor vehicle crash at the corner of Granite Street and Lundquist Drive. Upon arrival, he observed a black sedan straddling the double-yellow line in the middle of Granite Street and debris on the road between the car and a visibly damaged telephone pole. The vehicle had major front-end damage on the passenger side, was leaking fluids, and all of the airbags had deployed. The defendant, who was two or three feet away from the car when Eng arrived, told him that she had been driving because her friend was too drunk to drive. The friend, a young woman who was the registered owner of the vehicle, was curled up in a fetal position in the back seat.
The defendant had bloodshot eyes, and a moderate odor of alcohol emanated from her breath. Her speech was "thick tongue[d] and slurred," as she bounced back and forth between topics of conversation with Eng. On her way into the police station, the defendant was stumbling and unsteady on her feet. Once at the station, Eng asked the defendant to count backwards from fifty-seven to forty-two. She agreed to take the test, but did not count backwards in numerical order. At trial, when asked his opinion of the defendant's sobriety, Eng opined that "she was intoxicated."
Discussion. 1. Sufficiency of the evidence. "When reviewing the denial of a motion for a required finding of not guilty, 'we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Commonwealth v. Ross, 92 Mass. App. Ct. 377, 378 (2017), quoting from Commonwealth v. Oberle, 476 Mass. 539, 547 (2017). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.' " Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting from Commonwealth v. Woods, 466 Mass. 707, 713, cert. denied, 134 S. Ct. 2855 (2014).
The defendant contends the evidence at trial was insufficient to corroborate her admission to operating the vehicle. An uncorroborated admission is insufficient "to warrant a finding by the jury on the element of operation." Commonwealth v. Adams, 421 Mass. 289, 291 (1995). See Commonwealth v. Leonard, 401 Mass. 470, 473 (1988) (minimal, speculative evidence other than defendant's admission insufficient to prove operation). Corroborative evidence is "some evidence, besides the confession, that the criminal act was committed by someone," proving that "the crime was real and not imaginary." Commonwealth v. White, 475 Mass. 724, 738-739 (2016), quoting from Commonwealth v. Forde, 392 Mass. 453, 458 (1984).
The Commonwealth is not required to offer direct evidence to prove operation. See Commonwealth v. Beltrandi, 89 Mass App. Ct. 196, 199-200 & n.4 (2016). Indeed, "[p]roof of operation may 'rest entirely on circumstantial evidence.' " Commonwealth v. Petersen, 67 Mass App. Ct. 49, 52 (2006), quoting from Commonwealth v. Cromwell, 56 Mass. App. Ct. 436, 438 (2002).
The Commonwealth presented circumstantial evidence, in addition to the defendant's admission, to prove that the crime occurred and that the defendant operated the motor vehicle. The evidence placed the defendant within three feet of the car upon the officer's arrival. The position of the car in the road, and the damage to it and the telephone pole, indicated recent operation. See Beltrandi, supra at 202, quoting from Commonwealth v. Hilton, 398 Mass. 63, 68 (1986) ("The manner in which the [vehicle] was parked ... was evidence that it may have been driven by a driver under the influence of alcohol"). Tellingly, the defendant cooperated with Eng's counting backwards test. See Commonwealth v. O'Connor, 420 Mass. 630, 632 (1995) (defendant's admission of operation corroborated by "facts and circumstances surrounding the accident and from the defendant's cooperation with the field sobriety tests").
The defendant contends that the presence of the registered owner of the vehicle in the back seat undermines the probative value of the Commonwealth's circumstantial evidence. However, "[t]he fact that there were other persons present at the scene, unsupported by evidence tending to suggest that someone other than the defendant was operating the [vehicle], cannot serve to undermine the probative value of the corroborative evidence previously discussed." Adams, supra at 291-292. See Beltrandi, supra at 201 ("[T]he presence of a second person [does] not render the inference that the defendant was the operator of the vehicle unreasonable"). Here, nothing suggested that the vehicle owner, found curled up in the back seat, had been driving; rather, the evidence suggested that she was too drunk to drive, as the defendant had said. Compare Leonard, supra at 472 (defendant's wife, who was also in vehicle when police arrived, testified she was operator). The condition of the owner further corroborated the defendant's admission. The Commonwealth's evidence "did not require the jury to make a 'leap of conjecture' to infer that the defendant was the operator of the vehicle," Beltrandi, supra at 202, quoting from Commonwealth v. Latney, 44 Mass. App. Ct. 423,426 (1998), and was thus sufficient corroboration.
2. Jury instruction. The defendant contends that because Eng's testimony that she was intoxicated touched upon the ultimate issue, the judge was required to instruct the jury, sua sponte, that Eng's testimony "is not dispositive of the matter." Commonwealth v. Lugo, 63 Mass. App. Ct. 204, 208 (2005). "The danger posed by a witness, especially a police officer witness, offering an opinion regarding a defendant's guilt is 'that the jury might forego independent analysis of the facts and bow too readily to the opinion of an expert or otherwise influential witness.' " Commonwealth v. Canty, 466 Mass. 535, 542-543 (2013), quoting from Commonwealth v. LaCorte, 373 Mass. 700, 705 (1977). Because the defendant did not raise this objection at trial, our review is limited to determining whether the alleged error created a substantial risk of a miscarriage of justice. See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999). We discern no such risk.
A police officer is permitted, as a lay witness, to express an opinion on a defendant's sobriety. See Canty, supra at 540. An officer may not offer an opinion on "whether a defendant operated a motor vehicle while under the influence of alcohol or whether the defendant's consumption of alcohol diminished [her] ability to operate a motor vehicle safely." Id. at 544. Eng's opinion that the defendant was "intoxicated" was not an opinion regarding the defendant's guilt and was admissible.
Even if a curative instruction was warranted,[2] we discern no risk of a miscarriage of justice. "We note first that the risk of prejudice arising from the admission of an opinion that closely touches on the ultimate issue of guilt is less with lay opinion than with expert opinion, even where the lay opinion is offered by a police officer." Canty, supra at 545. Furthermore, the trial judge did instruct the jury that, as the "sole judges of the credibility of the witnesses," they must determine "which witness to believe and how much weight to give each of their testimony." With respect to the element of being under the influence, the judge instructed the jurors "to rely on your experience and common sense about the effect of alcohol" and to "evaluate any believable evidence" on the issue. Compare Canty, supra (no prejudice from erroneous admission of testimony on the defendant's impairment where judge instructed that jury "ultimately must determine whether the defendant was under the influence of alcohol, and that they may consider any opinion they heard about the defendant's sobriety 'and accept it or reject it' "). We are confident that the absence of an instruction specifically stating that Eng's opinion was not "dispositive" did not materially influence the verdict. See Alphas, supra.
Judgment affirmed.

As noted, the defendant relies on Lugo, which states that when expert opinion on the ultimate issue is admitted, "the trial judge should instruct the jury that the witness's interpretation is not dispositive of the matter." 63 Mass. App. Ct. at 208. Eng's opinion on the defendant's sobriety was a lay opinion, not an expert opinion. See Canty, 466 Mass. at 540, 545.